

**null / ALL**
**Transmittal Number: 22402342**
**Date Processed: 12/09/2020**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Cynthia Bertucci<br>Dollar Tree, Inc.<br>500 Volvo Pkwy<br>Chesapeake, VA 23320-1604 |
| **Electronic copy provided to:** | Heather Hunter<br>JJ Jacobson-Allen |

| | |
|---|---|
| **Entity:** | Dollar Tree, Inc.<br>Entity ID Number  3701462 |
| **Entity Served:** | Dollar Tree, Inc |
| **Title of Action:** | Erica Steele vs. Dollar Tree Stores, Inc |
| **Matter Name/ID:** | Erica Steele vs. Dollar Tree Stores, Inc (10724548) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | St. Clair County Circuit Court, IL |
| **Case/Reference No:** | 20L0957 |
| **Jurisdiction Served:** | Virginia |
| **Date Served on CSC:** | 12/09/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Joseph Weidhaas<br>314-231-4100 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois )
County of St. Clair ) S.S.

Case Number  20L0957

> $50,000.00

Amount Claimed

## ERICA STELE

## DOLLAR TREE STORES, INC., ET AL.

VS

Plaintiff(s)

Defendant(s)

Classification Prefix  L    Code  01    Nature of Action  Tort - Money Damages  Code  1

Pltf. Atty.  Joseph M. Weidhaas    Code _____
Address  8182 Maryland Avenue, Suite 801
City  St. Louis, MO    Phone  (314) 231-4100
Add. Pltf. Atty. _____  Code _____

**TO THE SHERIFF: SERVE THIS DEFENDANT AT:**

NAME  Dollar Tree, Inc.
        c/o Corporation Service Company

ADDRESS    100 Shockoe Slip F1 2

## SUMMONS COPY

To the above named defendant(s)......:

CITY & STATE  Richmond, Virginia 23219

☐ A. You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20___
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☒ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

TO THE OFFICER:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _____ 20___

_____
Clerk of Court

BY DEPUTY: _____

Kahalah A. Clay
KAHALAH A CLAY, Circuit Clerk
12/3/2020
Elysia Agne

DATE OF SERVICE: _____ 20___
(To be inserted by officer on copy left with defendant or other person)

I certify that I served this summons on defendants as follows:

**(a) – (Individual defendants – personal):**
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
| | |
| | |
| | |

**(b) - (Individual defendants - abode):**
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |

**(c) - Corporation defendants):**
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |

**(d) - (Other service):**

| SHERIFF'S FEES | |
|---|---|
| Service and return _____ $ | |
| Miles _____ $ | |
| Total _____ $ | |
| | |
| Sheriff of _____ County | |

_____, Sheriff of _____ County

_____, Deputy

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Elysia Agne
20L0957
St. Clair County
12/3/2020 3:43 PM
11351228

IN THE CIRCUIT COURT OF SAINT CLAIR COUNTY
STATE OF ILLINOIS

| | | |
|---|---|---|
| ERICA STEELE | ) | |
| | ) | |
| Plaintiff, | ) | Case No.20L0957 |
| | ) | |
| v. | ) | Division No. |
| | ) | |
| DOLLAR TREE STORES, INC | ) | **JURY TRIAL DEMANDED** |
| **Serve at:**. | ) | |
| Registered Agent: | ) | |
| Illinois Corporation Service C | ) | |
| 801 Adlai Stevenson Drive | ) | |
| Springfield, Illinois 62703 | ) | |
| | ) | |
| DOLLAR TREE, INC. | ) | |
| **Serve at:** | ) | |
| Corporation Service Company | ) | |
| 100 Shockoe Slip Fl 2 | ) | |
| Richmond, Virginia 23219 | ) | |
| | ) | |
| SHILOH PLACE SHOPPING CENTER, | ) | |
| LLC | ) | |
| **Serve at:** | ) | |
| C T Corporation System | ) | |
| 208 So. LaSalle Street | ) | |
| Suite 814 | ) | |
| Chicago, Illinois 60604 | ) | |
| | ) | |
| SAFEWAY GROUP, INC. | ) | |
| **Serve at:** | ) | |
| Rafat U.Shaikh | ) | |
| 6961 Peachtree Industrial Blvd. | ) | |
| Suite 101 | ) | |
| Norcross, Georgia 30092 | ) | |
| | ) | |
| S M ROOFING, LLC | ) | |
| **Serve at:** | ) | |
| Saul Miranda Martinez | ) | |
| 3134 Convair Lane | ) | |
| Decatur, Georgia 30032 | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| SAUL MIRANDA MARTINEZ | ) | |

1

**Serve at:**
Saul Miranda Martinez
3134 Convair Lane
Decatur, Georgia 30032

Defendants.

## COMPLAINT

**COMES NOW** Plaintiff, Erica Steele, by and through the undersigned counsel, and for her causes of action against Defendants Dollar Tree Stores, Inc., Dollar Tree, Inc., Shiloh Place Shopping Center, LLC, Safeway Group, Inc., S M Roofing, LLC, and Saul Miranda Martinez:

## ALLEGATIONS COMMON TO ALL COUNTS

1.      At all times herein mentioned, Plaintiff, Erica Steele, was a lawful resident of St. Clair County, State of Illinois.

2.      Defendant Dollar Tree Stores, Inc. ("Dollar Tree Stores") is a foreign corporation, doing business in the State of Illinois, registered in the State of Illinois for the purpose of operating a store located at 1210 Camp Jackson Rd., Cahokia, Saint Clair County, State of Illinois, 62206 (hereinafter the "Premises"). Defendant Dollar Tree Stores conducts systematic and routine business in the State of Illinois, and is subject to the long arm statutes of Illinois.

3.      Defendant Dollar Tree, Inc. ("Dollar Tree") is a foreign corporation, doing business in the State of Illinois, registered in the State of Illinois for the purpose of operating a store located at 1210 Camp Jackson Rd., Cahokia, Saint Clair County, State of Illinois, 62206. Defendant Dollar Tree conducts systematic and routine business in the State of Illinois, and is subject to the long arm statutes of Illinois.

4.      Defendant Shiloh Place Shopping Center, LLC ("Shiloh Place") is a foreign corporation, doing business in the State of Illinois, registered in the State of Illinois for the purpose of operating a commercial real estate business, and owned and leased the premises located at 1210

2

Camp Jackson Rd., Cahokia, Saint Clair County, State of Illinois, 62206. Defendant Shiloh Place conducts systematic and routine business in the State of Illinois, and is subject to the long arm statutes of Illinois.

5.     Defendant Safeway Group, Inc. ("Safeway") is a foreign corporation, doing business in the State of Illinois for the purpose of operating a commercial real estate business, and owned and leased the premises located at 1210 Camp Jackson Rd., Cahokia, Saint Clair County, State of Illinois, 62206. Defendant Safeway conducts systematic and routine business in the State of Illinois, and is subject to the long arm statutes of Illinois.

6.     Defendant S M Roofing, LLC ("S M Roofing") is or was a foreign corporation doing business in the State of Illinois for the purpose of operating a roofing business, and perfomed roofing and structural work on the premises located at 1210 Camp Jackson Rd., Cahokia, Saint Clair County, State of Illinois, 62206. Defendant S M Roofing conducts systematic and routine business in the State of Illinois, and is subject to the long arm statutes of Illinois.

7.     Defendant Saul Miranda Martinez ("Martinez") is an individual and owner and/or operator of S M Roofing or individual doing business as S M Roofing and performed or directed roofing and structural work on the premises located at 1210 Camp Jackson Rd., Cahokia, Saint Clair County, State of Illinois, 62206.

8.     At all relevant times Defendants Safeway Group and Shiloh Place were entities that acted as agents of each other and conducted a joint venture in the owning, managing, and leasing of the premises located at 1210 Camp Jackson Rd., Cahokia, Saint Clair County, State of Illinois, 62206.

9.     At all relevant times Defendant Martinez and/or S M Roofing, was or were the agent(s), servant(s) and/or employee(s) of Defendants Dollar Tree, and/or Dollar Tree Stores,

3

and/or Safeway, and/or Shiloh Place, and Defendants Martinez and/or S M Roofing were acting within the course and scope of such agency, servitude and/or employment. Defendants Dollar Tree, and/or Dollar Tree Stores, and/or Safeway, and/or Shiloh Place are therefore vicariously liable for the negligent acts and/or omissions of Defendants Martinez and/or S M Roofing under the doctrine of respondeat superior.

10.   Safeway Group and Shiloh Place were entities that acted as agents of each other and conducted a joint venture in the owning, managing, and/or leasing of the premises located at 1210 Camp Jackson Rd., Cahokia, Saint Clair County, State of Illinois, 62206.

11.   Defendant Safeway Group's agents, servants, and/or employees owed a duty to inspect the Premises on a regular basis, note any dangerous conditions thereof, and remedy, barricade or warn invitees about such conditions so that they would not be unnecessarily injured.

12.   Defendant Shiloh Place's agents, servants, and/or employees owed a duty to inspect the Premises on a regular basis, note any dangerous conditions thereof, and remedy, barricade or warn invitees about such conditions so that they would not be unnecessarily injured.

13.   Defendant Dollar Tree Store's agents, servants, and/or employees owed a duty to inspect the Premises on a regular basis, note any dangerous conditions thereof, and remedy, barricade or warn invitees about such conditions so that they would not be unnecessarily injured.

14.   Defendant Dollar Tree's agents, servants, and/or employees owed a duty to inspect the Premises on a regular basis, note any dangerous conditions thereof, and remedy, barricade or warn invitees about such conditions so that they would not be unnecessarily injured.

15.   Defendant S M Roofing's agents, servants, and/or employees owed a duty to inspect the roofing and structural work it did on the Premises to ensure the work was completed and the work did not create any dangerous conditions and inspect the work, note any dangerous

4

conditions arising out of the work, and remedy, barricade or warn invites about such conditions so that they would not be unnecessarily injured.

16.     Defendant Martinez, and his, agents, servants, and/or employees owed a duty to inspect the roofing and structural work done on the Premises to ensure the work was completed and the work did not create any dangerous conditions and inspect the work, note any dangerous conditions arising out of the work, and remedy, barricade or warn invitees about such conditions so that they would not be unnecessarily injured.

17.     On or about December 31, 2018, Plaintiff Erica Steele (hereinafter, "Plaintiff") slipped and fell on a liquid located in the store owned, operated or otherwise under the control of the Defendant Dollar Tree. Located at 1210 Camp Jackson Rd., Cahokia, Saint Clair County, State of Illinois.

18.     At the above-mentioned time and place, the liquid on the floor of the premises made the floor not reasonably safe.

### COUNT I
### PREMISES LIABILITY
(Against Defendant Dollar Tree)

19.     Plaintiff restates and incorporates by reference paragraphs 1 through 18 as if fully set forth herein.

20.     Plaintiff was a customer at Defendant Dollar Tree's store at the time of the incident.

21.     Defendant Dollar Tree had possession and control over that premises on the date and time of this incident occurring.

22.     At all times pertinent hereto, Defendant was under a duty to act with a requisite degree of care regarding the upkeep and maintenance of its premises on behalf of all guests and customers on their premises.

5

23.     Defendant Dollar Tree knew or by the use of ordinary care could have known about the aforementioned dangerous condition yet failed to remedy it and was therefore negligent in maintaining the conditions of the premises in that:

a)      Defendant Dollar Tree failed to remove the dangerous condition when Defendant Dollar Tree knew or by exercising the requisite degree of care should have known the puddle was an unsafe condition;

b)      Defendant Dollar Tree failed and/or omitted to barricade or provide notice which would prevent persons from coming into contact with the liquid;

c)      Defendant Dollar Tree failed to warn Plaintiff of the dangerous condition.

d)      Defendant Dollar Tree failed to safely inspect the roofing and structural work done on the Premises to ensure the work was completed in a safe manner;

e)      Defendant Dollar Tree failed to safely inspect the roofing and structural work done on the Premises to ensure the work was completed in a safe manner; and

f)      Defendant Dollar Tree failed to adequately vet S M Roofing and Martinez to ensure the roofing company and Martinez were qualified to perform work on the Premises.

24.     Defendant Dollar Tree's negligence, carelessness, faults and omissions, as aforesaid, directly and proximately caused or contributed to cause Plaintiff to sustain bodily injury, pain and suffering to her shoulder and neck. Due to her injuries, Plaintiff required care and treatment from hospitals, physicians, and other health care professionals, all at substantial expense. Plaintiff was caused and continues to have pain, suffering, inconvenience, impaired mobility,

6

impaired activities of daily living, and the ordinary emotional distress that goes with a fall and her resulting injuries, loss of quality of life and inconvenience.

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendant Dollar Tree for damages that are fair and reasonable, in an amount that exceeds $50,000.00, for costs incurred herein, and for all other such damages that the Court deems just and proper under the circumstances.

<u>**COUNT II**</u>
<u>**PREMISES LIABILITY**</u>
(Against Defendant Dollar Tree Stores)

25.    Plaintiff restates and incorporates by reference paragraphs 1 through 24 as if fully set forth herein.

26.    Plaintiff was a customer at Defendant Dollar Tree Stores' store (the Premises) at the time of Plaintiff's fall.

27.    Defendant Dollar Tree Stores had possession and control over that premises on the date and time of this incident occurring.

28.    At all times pertinent hereto, Defendant Dollar Tree Stores was under a duty to act with a requisite degree of care regarding the upkeep and maintenance of its premises on behalf of all guests and customers on their premises.

29.    Defendant Dollar Tree Stores knew or by the use of ordinary care could have known about the aforementioned dangerous condition yet failed to remedy it and was therefore negligent in maintaining the conditions of the premises in that:

a)    Defendant Dollar Tree Stores failed to remove the dangerous condition when Defendant Dollar Tree Stores knew or by exercising the requisite degree of care should have known the puddle was an unsafe condition;

7

b)      Defendant Dollar Tree Stores failed and/or omitted to barricade or provide notice which would prevent persons from coming into contact with the liquid;

c)      Defendant Dollar Tree Stores failed to warn Plaintiff of the dangerous condition;

d)      Defendant Dollar Tree Stores failed to safely inspect the roofing and structural work done on the Premises to ensure the work was completed in a safe manner and;

e)      Defendant Dollar Tree Stores failed to adequately vet S M Roofing and Martinez to ensure the roofing company and Martinez were qualified to perform work on the Premises.

30.      Defendant Dollar Tree Stores' negligence, carelessness, faults and omissions, as aforesaid, directly and proximately caused or contributed to cause Plaintiff to sustain bodily injury, pain and suffering to her shoulder and neck. Due to her injuries, Plaintiff required care and treatment from hospitals, physicians, and other health care professionals, all at substantial expense. Plaintiff was caused and continues to have pain, suffering, inconvenience, impaired mobility, impaired activities of daily living, and the ordinary emotional distress that goes with a fall and her resulting injuries, loss of quality of life and inconvenience.

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendant Dollar Tree Stores for damages that are fair and reasonable, in an amount that exceeds $50,000.00, for costs incurred herein, and for all other such damages that the Court deems just and proper under the circumstances.

## COUNT III
## PREMISES LIABILITY
(As against Shiloh Place)

31.     Plaintiff restates and incorporates by reference paragraphs 1 through 30 as if fully set forth herein.

32.     Plaintiff was a customer at Defendant Dollar Tree and/or Defendant Dollar Tree Stores' store (the Premises) at the time of Plaintiff's fall.

33.     Defendant Shiloh Place had control over the Premises on the date and time of this incident occurring.

34.     At all times pertinent hereto, Defendant Shiloh Place was under a duty to act with a requisite degree of care regarding the upkeep and maintenance of the Premises on behalf of all guests and customers on the Premises.

35.     Defendant Shiloh Place knew or by the use of ordinary care could have known about the aforementioned dangerous condition yet failed to remedy it and was therefore negligent in maintaining the conditions of the premises in that:

   a)     Defendant Shiloh Place failed to remove the dangerous condition when Defendant Shiloh Place knew or by exercising the requisite degree of care should have known the puddle was an unsafe condition;

   b)     Defendant Shiloh Place failed and/or omitted to barricade or provide notice which would prevent persons from coming into contact with the liquid;

   c)     Defendant Shiloh Place failed to warn Plaintiff of the dangerous condition;

   d)     Defendant Shiloh Place failed to safely inspect the roofing and structural work done on the Premises to ensure the work was completed in a safe manner and;

9

e)      Defendant Shiloh Place failed to adequately vet S M Roofing and Martinez
        to ensure the roofing company and Martinez were qualified to perform work
        on the Premises.

36.     Defendant Shiloh Place's negligence, carelessness, faults and omissions, as aforesaid, directly and proximately caused or contributed to cause Plaintiff to sustain bodily injury, pain and suffering to her shoulder and neck. Due to her injuries, Plaintiff required care and treatment from hospitals, physicians, and other health care professionals, all at substantial expense. Plaintiff was caused and continues to have pain, suffering, inconvenience, impaired mobility, impaired activities of daily living, and the ordinary emotional distress that goes with a fall and her resulting injuries, loss of quality of life and inconvenience.

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendant Shiloh Place for damages that are fair and reasonable, for costs incurred herein, in an amount that exceeds $50,000.00, and for all other such damages that the Court deems just and proper under the circumstances.

## COUNT IV
## PREMISES LIABILITY
(As against Defendant Safeway)

37.     Plaintiff restates and incorporates by reference paragraphs 1 through 36 as if fully set forth herein.

38.     Plaintiff was a customer at Defendant Dollar Tree and/or Defendant Dollar Tree Stores' store (the Premises) at the time of Plaintiff's fall.

39.     Defendant Safeway had control over the Premises on the date and time of this incident occurring.

10

40.     At all times pertinent hereto, Defendant Safeway was under a duty to act with a requisite degree of care regarding the upkeep and maintenance of the Premises on behalf of all guests and customers on the Premises.

41.     Defendant Safeway knew or by the use of ordinary care could have known about the aforementioned dangerous condition yet failed to remedy it and was therefore negligent in maintaining the conditions of the premises in that:

   a)     Defendant Safeway failed to remove the dangerous condition when Defendant Safeway knew or by exercising the requisite degree of care should have known the puddle was an unsafe condition;

   b)     Defendant Safeway failed and/or omitted to barricade or provide notice which would prevent persons from coming into contact with the liquid;

   c)     Defendant Safeway failed to warn Plaintiff of the dangerous condition;

   d)     Defendant Safeway failed to safely inspect the roofing and structural work done on the Premises to ensure the work was completed in a safe manner and;

   e)     Defendant Safeway failed to adequately vet S M Roofing and Martinez to ensure the roofing company and Martinez were qualified to perform work on the Premises.

42.     Defendant Safeway's negligence, carelessness, faults and omissions, as aforesaid, directly and proximately caused or contributed to cause Plaintiff to sustain bodily injury, pain and suffering to her shoulder and neck. Due to her injuries, Plaintiff required care and treatment from hospitals, physicians, and other health care professionals, all at substantial expense. Plaintiff was caused and continues to have pain, suffering, inconvenience, impaired mobility, impaired activities

of daily living, and the ordinary emotional distress that goes with a fall and her resulting injuries, loss of quality of life and inconvenience.

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendant Safeway for damages that are fair and reasonable, in an amount that exceeds $50,000.00, for costs incurred herein, and for all other such damages that the Court deems just and proper under the circumstances.

**COUNT V**
**NEGLIGENCE**
(Defendant Dollar Tree)

43.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 42 above, as though fully set forth herein.

44.    At all times pertinent hereto, Defendant Dollar Tree was under a duty to act with a requisite degree of care regarding the upkeep and maintenance of its premises on behalf of all guests and customers on their premises.

45.    The injuries and damages suffered by Plaintiff, as set forth above, were the direct and proximate result of the negligent acts and/or omissions of Defendant Dollar Tree, its agents and employees, and each of them, in one, more or all of the following particulars, to wit:

a)    choosing not to use reasonable or ordinary care to remedy, barricade, guard against, mark or warn about the dangerous condition, when Defendant knew or in exercise of reasonable or ordinary care could have known about the dangerous conditions;

b)    choosing not to carefully inspect the floor and roof for dangerous conditions, such as the one presented by a pool of liquid unreasonably causing a slipping hazard;

    c)       choosing to allow there to be a pool of liquid on the floor where customers

               normally walk, causing Plaintiff to slip, fall, and suffer injuries;

    f)       choosing to not adequately inspect the roofing and structural work done on

               the Premises to ensure the work was completed in a safe manner and;

    g)       choosing not to adequately vet S M Roofing and Martinez to ensure the

               roofing company and Martinez were qualified to perform work on the

               Premises.

46.    Defendant Dollar Tree knew or should have known through the use of reasonable or ordinary care that Plaintiff or others like Plaintiff would walk in the area of the dangerous condition, but Defendant still failed to warn, remove, barricade or otherwise remedy the condition.

47.    As a direct and proximate result of the negligent acts and omissions of Defendant Dollar Tree, its employees and agents, as aforesaid, and the dangerous conditions of the property, Plaintiff suffered the injuries and damages set out above.

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendant Dollar Tree for damages that are fair and reasonable, for costs incurred herein, in an amount that exceeds $50,000.00, and for all other such damages that the Court deems just and proper under the circumstances.

### COUNT VI
### NEGLIGENCE
(As against Defendant Dollar Tree Stores)

48.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 47 above, as though fully set forth herein.

49.     At all times pertinent hereto, Defendant Dollar Tree Stores was under a duty to act with a requisite degree of care regarding the upkeep and maintenance of its premises on behalf of all guests and customers on their premises.

50.     The injuries and damages suffered by Plaintiff, as set forth above, were the direct and proximate result of the negligent acts and/or omissions of Defendant Dollar Tree Stores, its agents and employees, and each of them, in one, more or all of the following particulars, to wit:

a)      choosing not to use reasonable or ordinary care to remedy, barricade, guard against, mark or warn about the dangerous condition, when Defendant knew or in exercise of reasonable or ordinary care could have known about the dangerous conditions;

b)      choosing not to carefully inspect the floor and roof for dangerous conditions, such as the one presented by a pool of liquid unreasonably causing a slipping hazard;

c)      choosing to allow there to be a pool of liquid on the floor where customers normally walk, causing Plaintiff to slip, fall, and suffer injuries;

d)      choosing to not adequately inspect the roofing and structural work done on the Premises to ensure the work was completed in a safe manner and;

e)      choosing not to adequately vet S M Roofing and Martinez to ensure the roofing company and Martinez were qualified to perform work on the Premises.

51.     Defendant Dollar Tree Stores knew or should have known through the use of reasonable or ordinary care that Plaintiff or others like Plaintiff would walk in the area of the

14

dangerous condition, but Defendant still failed to warn, remove, barricade or otherwise remedy the condition.

52.     As a direct and proximate result of the negligent acts and omissions of Defendant Dollar Tree Stores, its employees and agents, as aforesaid, and the dangerous conditions of the property, Plaintiff suffered the injuries and damages set out above.

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendant Dollar Tree Stores for damages that are fair and reasonable, for costs incurred herein, in an amount that exceeds $50,000.00, and for all other such damages that the Court deems just and proper under the circumstances.

### COUNT VII
### NEGLIGENCE
(As against Defendant Shiloh Place)

53.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 52 above, as though fully set forth herein.

54.     At all times pertinent hereto, Defendant Shiloh Place was under a duty to act with a requisite degree of care regarding the upkeep and maintenance of its premises on behalf of all guests and customers on their premises.

55.     The injuries and damages suffered by Plaintiff, as set forth above, were the direct and proximate result of the negligent acts and/or omissions of Defendant Shiloh Place, its agents and employees, and each of them, in one, more or all of the following particulars, to wit:

        a)    choosing not to use reasonable or ordinary care to remedy, barricade, guard against, mark or warn about the dangerous condition, when Defendant knew or in exercise of reasonable or ordinary care could have known about the dangerous conditions;

15

b) choosing not to carefully inspect the floor and roof for dangerous conditions, such as the one presented by a pool of liquid unreasonably causing a slipping hazard;

c) choosing to allow there to be a pool of liquid on the floor where customers normally walk, causing Plaintiff to slip, fall, and suffer injuries;

d) choosing to not adequately inspect the roofing and structural work done on the Premises to ensure the work was completed in a safe manner and;

e) choosing not to adequately vet S M Roofing and Martinez to ensure the roofing company and Martinez were qualified to perform work on the Premises.

56. Defendant Shiloh Place knew or should have known through the use of reasonable or ordinary care that Plaintiff or others like Plaintiff would walk in the area of the dangerous condition, but Defendant still failed to warn, remove, barricade or otherwise remedy the condition.

57. As a direct and proximate result of the negligent acts and omissions of Defendant Shiloh Place, its employees and agents, as aforesaid, and the dangerous conditions of the property, Plaintiff suffered the injuries and damages set out above.

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendant Shiloh Place for damages that are fair and reasonable, in an amount that exceeds $50,000.00, for costs incurred herein, and for all other such damages that the Court deems just and proper under the circumstances.

## COUNT VIII
## NEGLIGENCE
(As against Defendant Safeway)

58. Plaintiff incorporates by reference the allegations of paragraphs 1 through 57 above, as though fully set forth herein.

16

59.     At all times pertinent hereto, Defendant Safeway was under a duty to act with a requisite degree of care regarding the upkeep and maintenance of its premises on behalf of all guests and customers on their premises.

60.     The injuries and damages suffered by Plaintiff, as set forth above, were the direct and proximate result of the negligent acts and/or omissions of Defendant Safeway, its agents and employees, and each of them, in one, more or all of the following particulars, to wit:

a)      choosing not to use reasonable or ordinary care to remedy, barricade, guard against, mark or warn about the dangerous condition, when Defendant knew or in exercise of reasonable or ordinary care could have known about the dangerous conditions;

b)      choosing not to carefully inspect the floor and roof for dangerous conditions, such as the one presented by a pool of liquid unreasonably causing a slipping hazard;

c)      choosing to allow there to be a pool of liquid on the floor where customers normally walk, causing Plaintiff to slip, fall, and suffer injuries;

d)      choosing to not adequately inspect the roofing and structural work done on the Premises to ensure the work was completed in a safe manner and;

e)      choosing not to adequately vet S M Roofing and Martinez to ensure the roofing company and Martinez were qualified to perform work on the Premises.

61.     Defendant Safeway knew or should have known through the use of reasonable or ordinary care that Plaintiff or others like Plaintiff would walk in the area of the dangerous condition, but Defendant still failed to warn, remove, barricade or otherwise remedy the condition.

62.     As a direct and proximate result of the negligent acts and omissions of Defendant Safeway, its employees and agents, as aforesaid, and the dangerous conditions of the property, Plaintiff suffered the injuries and damages set out above.

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendant Safeway for damages that are fair and reasonable, in an amount that exceeds $50,000.00, for costs incurred herein, and for all other such damages that the Court deems just and proper under the circumstances.

### COUNT IX
### NEGLIGENCE
(As against Defendant S M Roofing)

63.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 62 above, as though fully set forth herein.

64.     At all times pertinent hereto, Defendant S M Roofing was under a duty to act with a requisite degree of care in the roofing and structural work being done by S M Roofing and/or Martinez on the Premises.

65.     The injuries and damages suffered by Plaintiff, as set forth above, were the direct and proximate result of the negligent acts and/or omissions of Defendant S M Roofing, its agents and employees, and each of them, in one, more or all of the following particulars, to wit:

a)     choosing not to use reasonable or ordinary care to remedy, barricade, guard against, mark or warn about the dangerous condition, when Defendant knew or in exercise of reasonable or ordinary care could have known about the dangerous conditions;

b)     choosing not to carefully inspect the floor and roof for dangerous conditions, such as the one presented by a pool of liquid unreasonably causing a slipping hazard;

18

    c)     choosing to allow there to be a pool of liquid on the floor where customers normally walk, causing Plaintiff to slip, fall, and suffer injuries;

    d)     choosing to not adequately inspect the roofing and structural work done on the Premises to ensure the work was completed in a safe manner;

    e)     performing roofing and structural work that was defective, in that the work allowed water or liquid to come through the roof and ceiling onto the floor of the Premises;

    f)     failing to repair the roofing and structural work that was defective in a timely manner and;

    g)     failing to notify anyone or any entity the roofing and structural work was defective and allowing water to come through the roof and ceiling of the Premises.

66.    Defendant S M Roofing knew or should have known through the use of reasonable or ordinary care that Plaintiff or others like Plaintiff would walk in the area of the dangerous condition, but Defendant still failed to warn, remove, barricade or otherwise remedy the condition and remedy the defective work.

67.    As a direct and proximate result of the negligent acts and omissions of Defendant S M Roofing, its employees and agents, as aforesaid, and the dangerous conditions of the property, Plaintiff suffered the injuries and damages set out above.

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendant S M Roofing for damages that are fair and reasonable, in an amount that exceeds $50,000.00, for costs incurred herein, and for all other such damages that the Court deems just and proper under the circumstances.

## COUNT X
## NEGLIGENCE
(As against Defendant Martinez)

68.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 67 above, as though fully set forth herein.

69.    At all times pertinent hereto, Defendant Martinez was under a duty to act with a requisite degree of care in the roofing and structural work being done by S M Roofing and/or Martinez on the Premises.

70.    The injuries and damages suffered by Plaintiff, as set forth above, were the direct and proximate result of the negligent acts and/or omissions of Defendant Martinez, its agents and employees, and each of them, in one, more or all of the following particulars, to wit:

a)    choosing not to use reasonable or ordinary care to remedy, barricade, guard against, mark or warn about the dangerous condition, when Defendant knew or in exercise of reasonable or ordinary care could have known about the dangerous conditions;

b)    choosing not to carefully inspect the floor and roof for dangerous conditions, such as the one presented by a pool of liquid unreasonably causing a slipping hazard;

c)    choosing to allow there to be a pool of liquid on the floor where customers normally walk, causing Plaintiff to slip, fall, and suffer injuries;

d)    choosing to not adequately inspect the roofing and structural work done on the Premises to ensure the work was completed in a safe manner;

20

e) performing roofing and structural work that was defective, in that the work allowed water or liquid to come through the roof and ceiling onto the floor of the Premises;

f) failing to repair the roofing and structural work that was defective in a timely manner and;

g) failing to notify anyone or any entity the roofing and structural work was defective and allowing water to come through the roof and ceiling of the Premises.

71. Defendant Martinez knew or should have known through the use of reasonable or ordinary care that Plaintiff or others like Plaintiff would walk in the area of the dangerous condition, but Defendant still failed to warn, remove, barricade or otherwise remedy the condition and remedy the defective work.

72. As a direct and proximate result of the negligent acts and omissions of Defendant Martinez, his employees and agents, as aforesaid, and the dangerous conditions of the property, Plaintiff suffered the injuries and damages set out above.

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendant Martinez for damages that are fair and reasonable, in an amount that exceeds $50,000.00, for costs incurred herein, and for all other such damages that the Court deems just and proper under the circumstances.

Respectfully Submitted,

**GOLDBLATT + SINGER**

 /s/ Joseph M. Weidhaas
Joseph Weidhaas #6302116
8182 Maryland Ave., Ste. 801
Clayton, MO 63105
(314) 231-4100 Telephone
(314) 241-5078 Facsimile
jweidhaas@stlinjurylaw.com
Attorneys for Plaintiff